UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Eric Sullivan,<br><br>　　　Plaintiff,<br>vs.<br><br>Alliance Coal, LLC,<br><br>　　　Defendant. | Case No. 2:25-cv-7039<br><br>**COMPLAINT** |

Plaintiff, for their Complaint against Defendant, states and alleges:

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1) and (f) of the Employee Retirement Income Security Act of 1974 ("ERISA") over this claim for disability benefits under a plan governed by ERISA, 29 U.S.C. § 1001 *et seq*.

2. Venue is proper in this district pursuant to 29 U.S.C. § 1132 (e)(2)[1], because Alliance Coal, LLC may be found in this district. In particular, Alliance Coal, LLC is registered as a corporation with the State of Pennsylvania, conducts ongoing business with Pennsylvania residents, employs Pennsylvania

---

[1] 29 U.S.C. § 1132 (e)(2) states "Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district … where a defendant resides or may be found…"

residents, has extensive contacts within Pennsylvania, and accordingly is found within Pennsylvania.

3. On information and belief, Defendant Alliance Coal, LLC insures the employee benefit plan ("Plan") Alliance Coal, LLC created and maintains to provide its employees with income protection should they become disabled.

4. On information and belief, Defendant Alliance Coal, LLC is a corporation organized and existing under the laws of the State of Oklahoma, and is the insurer and claims administrator for the Plan.

5. Plaintiff is a resident and citizen of the United States, an employee of Alliance Coal, LLC and a participant in the Plan.

6. As set forth in 29 U.S.C. § 1133 of the ERISA statute, the Plan provides a mechanism for administrative appeals of benefit denials. Plaintiff has exhausted all such appeals.

7. On information and belief, Plaintiff was covered at all relevant times under group disability policy number 503 which was issued by Alliance Coal, LLC to Alliance Coal, LLC to insure the participants of the Plan. A copy of the policy is attached as Exhibit A.

8. On information and belief, Alliance Coal, LLC both funds the Plan and decides whether participants will receive benefits under the Plan. Accordingly,

Alliance Coal, LLC has a conflict of interest, which must be considered when determining whether its denial of Plaintiff's benefits was proper.[2]

9. Alliance Coal, LLC's interest in protecting its own assets influenced its decision to deny Plaintiff's application for disability benefits.

10. The Plan is an ERISA welfare benefit plan.

11. Under the Plan, a participant who meets the definition of "disabled" is entitled to disability benefits paid out of the Plan assets.

12. Plaintiff became disabled under the terms of the Plan's policy on or about November 1, 2022 and continues to be disabled as defined by the Plan. Accordingly, Plaintiff is entitled to benefits under the terms of the Plan.

13. Plaintiff submitted a timely claim to Alliance Coal, LLC for disability benefits.

14. Alliance Coal, LLC granted Plaintiff's claim for disability benefits, and paid Plaintiff benefits until July 21, 2023. However, on July 21, 2023 Alliance Coal, LLC cancelled Plaintiff's disability benefits. Plaintiff appealed Alliance Coal, LLC's decision, but Alliance Coal, LLC denied Plaintiff's

---

[2] "[A]n entity that is both the claims administrator and payor of benefits has a conflict of interest." *Jones v. Mountaire Corp. Long Term Disability Plan*, 542 F. 3d 234, 240 (8th Cir. 2008). Moreover, as the Supreme Court has held, "that conflict ***must be weighed as a factor*** in determining whether there is an abuse of discretion." *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2348 (2008) (emphasis added).

appeal on February 29, 2024. Plaintiff filed a further appeal, which Alliance Coal, LLC denied on July 11, 2025.

15. Plaintiff provided Alliance Coal, LLC with substantial medical evidence demonstrating their eligibility for disability benefits.

16. Alliance Coal, LLC's decision to deny disability benefits was arbitrary, capricious, unreasonable, irrational, wrongful, contrary to the terms of the Plan, contrary to the evidence and contrary to law, as demonstrated by the following non-exhaustive examples:

    a. Alliance Coal, LLC relied on the opinion of a medical professional who was financially biased by their relationship with Alliance Coal, LLC and as such unable to offer an unbiased opinion;

    b. Alliance Coal, LLC relied on the opinion of a medical professional that was not supported by substantial evidence in the claim file, and was inconsistent with the overall evidence in the record;

    c. Alliance Coal, LLC relied on the opinion of a medical professional who was not qualified to refute the findings of Plaintiff's physician;

    d. Alliance Coal, LLC ignored obvious medical evidence and took selective evidence out of context as a means to deny Plaintiff's claim;

      e. Alliance Coal, LLC ignored the opinions of Plaintiff's treating physician.

17. Alliance Coal, LLC abused its discretion in denying Plaintiff's claim.

18. The decision to deny benefits was wrong under the terms of the Plan.

19. The decision to deny benefits was not supported by substantial evidence in the record.

20. Alliance Coal, LLC's failure to provide benefits due under the Plan constitutes a breach of the Plan.

21. Alliance Coal, LLC's failure to provide Plaintiff with disability benefits has caused Plaintiff to be deprived of those benefits from July 21, 2023 to the present. Plaintiff will continue to be deprived of those benefits, and accordingly will continue to suffer future damages in an amount to be determined.

22. Alliance Coal, LLC's denial of benefits under the Plan has caused Plaintiff to incur attorneys' fees and costs to pursue this action. Pursuant to 29 U.S.C. § 1132(g)(1), Defendants should pay these costs and fees.

23. A dispute now exists between the parties over whether Plaintiff meets the definition of "disabled" under the terms of the Plan. Plaintiff requests

that the Court declare they fulfills the Plan's definition of "disabled," and is accordingly entitled to all benefits available under the Plan. Plaintiff further requests reimbursement of all expenses and premiums they paid for benefits under the Plan from the time of termination of benefits to the present. In the alternative of the aforementioned relief, Plaintiff requests that the Court remand and instruct Alliance Coal, LLC to adjudicate Plaintiff's claim in a manner consistent with the terms of the Plan.

WHEREFORE, Plaintiff respectfully requests the following relief against Defendant:

1. A finding in favor of Plaintiff against Defendant;
2. Pursuant to 29 U.S.C. § 1132(a)(1)(B), damages in the amount equal to the disability income benefits to which Plaintiff is entitled through the date of judgment;
3. Prejudgment and postjudgment interest, calculated from each payment's original due date through the date of actual payment;
4. Any Plan benefits beyond disability benefits that Plaintiff is entitled to while receiving disability benefits;
5. Reimbursement of all expenses and premiums Plaintiff paid for benefits under the Plan from the time of termination of benefits to the present.

6. A declaration that Plaintiff is entitled to ongoing benefits under the Plan so as long as Plaintiff remains disabled under the terms of the Plan;

7. Reasonable costs and attorneys' fees incurred in this action;

8. Any other legal or equitable relief the Court deems appropriate.

Dated: December 15, 2025                RESPECTFULLY SUBMITTED,

By: ___*s/Gloria C. Lam*_____

Gloria C. Lam, # 336817
**FIELDS LAW FIRM**
21 South 11th Street, Suite 520
Philadelphia, PA 19107
Office: 612-370-1511
Gloria@fieldslaw.com

*Attorney for Plaintiff*